**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 26 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATRICK HILL,

      Plaintiff-Appellant,

v.

THOMAS E. WHITE, Secretary of
the Army,

      Defendant-Appellee.

No. 00-3379
(D.C. No. 98-CV-4094-CM)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **MURPHY** , **McKAY** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff filed this action against the Secretary of the Army, alleging discrimination in the terms of his employment with the Kansas National Guard and retaliation in the form of an improvement plan, an unacceptable performance rating and, ultimately, plaintiff's dismissal, in violation of 42 U.S.C. §§ 2000e - 2000-e(17). Plaintiff contended he was discriminated against on the basis of gender because his supervisor, Col. Vonderschmidt, refused to permit him to work the same four-day, ten-hour week as a female co-employee, another female employee was permitted to request emergency leave outside the normal supervisory chain of command, plaintiff's birthday was not celebrated in the same manner as female employees, and he was reprimanded for failing to prepare a particular report. In addition, plaintiff claimed he was retaliated against for opposing what he considered to be gender discrimination because he was subjected to a performance improvement plan (PIP), he received an unacceptable performance appraisal, and he was eventually terminated from employment.

The district court granted summary judgment for defendant in a thorough and comprehensive Memorandum Opinion, detailing the operative facts and the applicable legal standards. See Hill v. Caldera, No. CIV.A. 98-4094-CM, 2000 WL 1731342 (D. Kan. Oct. 31, 2000). Inasmuch as the parties are familiar with the facts, we need not repeat them, except as may be necessary to this disposition.

On appeal, plaintiff raises four issues: reverse gender discrimination based on Col. Vonderschmidt's refusal to allow plaintiff to work a four-day, ten-hour schedule and retaliation based on the PIP, the unacceptable performance appraisal, and the termination from employment.

This court reviews the district court's grant of summary judgment de novo, considering whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. See Gossett v. Okla. ex rel. Bd. of Regents for Langston Univ., 245 F.3d 1172, 1175 (10th Cir. 2001); Fed. R. Civ. P. 56(c). The court must review a summary judgment record by drawing all reasonable inferences in the light most favorable to the nonmoving party. Thomas v. IBM, 48 F.3d 478, 484 (10th Cir. 1995).

The district court determined that plaintiff had established a prima facie case with respect to his discrimination claim that a female coworker (Capt. Campbell) was permitted to work four, ten-hour days while he was denied the same request. The district court further determined that defendant had articulated a nondiscriminatory reason for permitting Capt. Campbell to work that schedule, i.e., that her status as a project manager provided more opportunity for compensatory time, which in turn afforded her the flexibility to work those hours.

On appeal, plaintiff alleges that a jury could find unworthy of belief Col. Vonderschmidt's explanation of why Capt. Campbell could work the four-ten schedule, but plaintiff could not. The basis of this argument is plaintiff's testimony that he had been told that although he was an administrative officer, he would have other duties and responsibilities not necessarily in that position description and that his job duties included some project management responsibilities.

The district court considered this argument, but also concluded that plaintiff had not disputed defendant's assertion that plaintiff's duties were primarily administrative, nor had plaintiff "offer[ed] evidence to dispute the nature of Captain Campbell's job, her responsibilities, or the demand upon her to perform overtime work." Hill, 2000 WL 1731342, at *8. Contrary to plaintiff's arguments, this does not implicate a "falsity of the explanation" such that a trier of fact could infer that the "employer is dissembling to cover up a discriminatory purpose." See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000). Capt. Campbell was a project manager, and plaintiff was primarily an administrative employee. The district court properly granted summary judgment on this claim.

Plaintiff next argues that the district court erred in granting summary judgment on his claim of retaliation. This claim arises from "a pattern of adverse

employment actions" following plaintiff's opposition "to what he believed to be reverse discrimination" and consisted of being placed on a PIP, followed by being given an unacceptable performance rating and consequently being terminated. Alpt. Br. at 22.  To establish a prima facie case of retaliation, plaintiff must show

> (1) protected opposition to Title VII discrimination or participation in a Title VII proceeding; (2) an adverse employment action by the employer subsequent to or contemporaneous with such opposition or participation; and (3) a causal connection between such activity and the employer's adverse employment action.

See Penry v. Fed. Home Loan Bank  , 155 F.3d 1257, 1263-64 (10th Cir. 1998).

Plaintiff claims his opposition to Title VII discrimination consisted of his informal complaint and meeting with his supervisor in April/May of 1996 and a subsequent meeting in January of 1997 regarding his request to work four ten-hour days.  He further alleges that his participation in a Title VII proceeding consisted of his initial interview with an EEO counselor on March 14, 1997, and the filing of a formal complaint on May 19.  As noted, the alleged adverse employment actions consisted of the PIP, the unacceptable rating and the termination.  He does not allege that the refusal to accommodate his request for a four-ten work schedule constituted an adverse action.  Finally, for his "causal connection," he claims that the February 25, 1997 PIP closely followed the mid-January meeting at which he had again requested the four-ten work schedule, that the unacceptable performance rating occurred only ten days after the filing of

his formal EEO charge on May 19, 1997, and that his removal occurred only eight days after that.

The district court held that plaintiff had failed to specify which act of protected activity led to defendant's alleged retaliation because plaintiff's placement on the PIP occurred in February of 1997 and his formal EEO complaint was not filed until May of that year. Thus, the court looked to the informal complaint lodged in May of 1996 (and concerning solely the alleged gender discrimination, not his work performance), and found that connection too loose in substance and too far removed in time.

On appeal, plaintiff contends that the PIP closely followed his meeting with Col. Vonderschmidt in January of 1997 regarding his second request to work four ten-hour days and that the meeting itself was protected activity. He does not, however, allege that he raised the January 1997 meeting as a protected act before the district court, nor has he provided this court with record evidence that he did so. Since he does not argue that the district court erred by not considering his claim that the January 1997 meeting constituted protected activity, we can only conclude he did not present this argument to the district court. Litigants are required to list for each issue raised on appeal, "the precise reference in the record where the issue was raised and ruled on." 10th Cir. R. 28.2(C)(2). Thus, plaintiff either failed to present the argument to the district court, in which case it

-6-

is waived, or he failed to include the appropriate portion of the record for review by this court, "in which case we leave the district court's determination undisturbed." Jetcraft Corp v. Flight Safety Int'l, 16 F.3d 362, 366 (10th Cir. 1993).

The PIP likewise preceded by a month the protected activity of the March 1997 EEO interview and the May filing of a formal complaint. The only other alleged protected activity, the May 1996 informal complaint, occurred nine months earlier and was not shown to be causally connected to the PIP action.

Concerning his unacceptable performance appraisal and termination, the district court held that plaintiff had established a prima facie case of discrimination, thus shifting the burden to the defendant to show legitimate, nondiscriminatory reasons for its actions. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). Here, the district court carefully detailed these reasons. See Hill, 2000 WL 1731342, at *11-12. The record on appeal does not include defendant's motion for summary judgment, plaintiff's response, or defendant's reply. Plaintiff fails to take specific issue with the district court's reasons, nor does he argue that evidence properly before the district court was not considered. We decline to search the record for support where a party has failed to include the proper materials for consideration. See Knowlton v. Teltrust Phones, Inc., 189 F.3d 1177, 1182-83 (10th Cir. 1999).

For these and substantially the reasons set forth by the district court, the judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge